Chief Justice Robertson
delivered the opinion of the court.
Davenport sold and conveyed to Muir a tract of land, and covenanted to warrant and defend.; the title, against all claims whatsoever.
Muir being evicted, by judgment on ejectment against him, brought an action of covenant against-Davenport, on the warranty in his deed.
Davenport pleaded that Muir was not evicted by a-title paramount to that which he derived from the deed to him; andón the issue formed on this plea, the jury found a verdict for Muir, on which the court gave judgment.
Before the trial, Davenport moved for a continuance, on the ground, that witnesses were absent, whom he liad summoned, and by whom he could prove that iris title was superior to that, on which the judgment Of eviction had been rendered. But the court overruled the motion, because Davenport admitted, on cross examination, that Muir had given him verbal notice of the pendency of the action of ejectment against him.
As we are of opinion that the declaration is substantially good, the only question which we shall decide, is, whether Davenport made out sufficient-cause for a continuance?
If the covenantor be notified of the pendency of the suit against his covenantee, the judgment against the latter is evidence against the former, that the recovery was obtained by paramount title. If the notice be sufficient, the judgment will be conclusive, unless it had been obtained in consequence of some fact which occurred after the date of the covenant.
|f notioe judgment con-ci-aiive unless obtained in which occurred since date. c°venant.
Verbal notice to covenan. tor of penden-cy of suit to recover land, he ha°s war-' ranted, is sufficient.
Benny, for plaintiff
Upon principle and analogy, it is tí&r opinion that it is not necessary in such ^ case, that the notice should be in writing. The only object of notice is to ble the covenantor to attend to the suit. It would seem, therefore, that a verbal notice, which would apprise him of the pendency of the suit, would be sufficient. It cannot be material how he may have obtained his knowledge of the fact, that the suit is pending. The notice is not judicial, nor in the nature of process. By the common law, it was not necessary that it should be in writing; and we know of no statute or usage, or decision, which requires that it shall be in writing, or should be formally given.
What will amount to a notification in fact, is another question? We have no doubt, however, thatfthe admission in this case, shows that Davenport had notice, sufficiently full and certain, for any reasonable purpose.
The evidence which he desired 'time to procure, would not prove that Muir was evicted by a title which accrued by lapse of time, or otherwise, since the date of the warranty, but only that the title conveyed to him, was superior to that on which the judgment was founded.
This evidence would not have benefited Davenport. The notice being sufficient,he was precluded from controverting the judgment, on the ground relied upon in his affidavit for a continuance, unless he could also have proved some other fact, which would show that the recovery was not on any ground which would render it conclusive against him as to the titles.
Wherefore, there seems to be no error in the judgment of the court, and, therefore the judgment in affirmed.